# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BROADCAST MUSIC, INC., et al.,**

      Plaintiffs,

v.                                        **CIVIL ACTION NO. 3:13-CV-37**
                                                      **(JUDGE GROH)**

**CHRISTOPHER B. SHULTZ,**

      Defendant.

## ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE

On March 22, 2013, Plaintiffs filed a motion in Civil Action No. 3:13-CV-37 to consolidate that action with Civil Action No. 3:12-CV-59 [Doc. 5]. Responses to the plaintiffs' motion were due no later than April 8, 2013. To date, no responses or objections to this motion have been filed.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The decision whether to consolidate is left to the sound discretion of the district judge. ***A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.***, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ. P. 42(a) to consolidate causes pending in the same district."). Nevertheless, the Fourth Circuit Court of Appeals has provided the following guidelines:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by

1

> multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

This Court has reviewed Plaintiffs' motion to consolidate. Although common questions of law or fact may have existed regarding the issues in the Complaint, there is no longer a dispute as to liability in 3:12-CV-59. Defendants in 3:12-CV-59 have failed to make an appearance. Therefore, after Entry of Default by Clerk, the Court granted in part the Plaintiffs' Motion for Default Judgment. The Court's Order granting in part Plaintiffs' Motion for Default Judgment specifically deemed admitted all of the well-pleaded facts alleged in the Complaint.

In 3:12-CV-59, an evidentiary hearing on the issue of damages is scheduled for April 30, 2013. However, in Civil Action No. 3:13-CV-37, as of this date, the docket does not reflect that Defendant Christopher B. Shultz has been served with the summons and Complaint. Therefore, Shultz, upon being served, may enter an appearance and defend against the lawsuit unlike Defendants in Civil Action No. 3:12-CV-59.

As the facts and issues of liability have already been determined in 3:12-CV-59, as a result of the Entry of Default by Clerk and the Court's Order granting in part the Plaintiffs' Motion for Default Judgment, the only issue left in that case is damages. In stark contrast, multiple issues still remain in 3:13-CV-37 regarding facts, liability, and damages. In light of the differences between the two civil actions, common issues of fact and liability do not exist. Further, consolidating the cases at this point in the proceedings would result in unnecessary delays and confusion of the issues.

Accordingly, Plaintiffs' motion to consolidate Civil Action No. 3:13-CV-37 with Civil Action No. 3:12-CV-59 is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and all *pro se* parties.

**DATED:** April 12, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE